**Ruben HERNANDEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent Defendant—
Appellee.**

No. 02–70234.
INS No. A72–544–358.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 2003.*

Decided March 18, 2003.

Before PREGERSON, REINHARDT, and ARCHER, Circuit Judges.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** The Honorable Glenn L. Archer, Jr., Senior Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

MEMORANDUM ***

Ruben Hernandez, a citizen of Guatemala, petitions for review of the denial by the Board of Immigration Appeals ("BIA") and Immigration Judge ("IJ") of his claims for asylum, withholding of removal, and relief under Article 3 of the United Nations Convention Against Torture and Other Cruel, Unhuman or Degrading Treatment or Punishment ("CAT"). We grant the petition for review.

The INS contends that Hernandez failed to establish a credible fear of persecution. To support this, the INS alleges that there are inconsistencies between Hernandez's asylum application, asylum interview, and his testimony before the IJ. We find these inconsistencies to be minor and reasonably explained by Hernandez.

We have recognized that information contained in asylum applications (particularly those prepared with the help of a notary) is not as comprehensive as that covered in an applicant's testimony. *Aguilera–Cota v. INS*, 914 F.2d 1375, 1382 (9th Cir.1990). Thus, we make allowance for inconsistencies and lack of detail in asylum applications. *Id.* We have also refused to rely on inconsistencies between official interviews and testimony, in the absence of information in the record regarding the content and context of the interview. *See Singh v. INS*, 292 F.3d 1017, 1023 (9th Cir.2002). Finally, we have held that the BIA or IJ is required to consider any explanations provided by petitioners for inconsistencies. *Osorio v. INS*, 99 F.3d 928, 933 (9th Cir.1996).

The inconsistencies relied on by the BIA between Hernandez's application, asylum interview, and testimony were minor and sufficiently explained by Hernandez. Substantial evidence does not support the BIA's adverse credibility findings.

Neither the BIA nor the IJ addressed the question of whether Hernandez' testimony, if found credible, would be sufficient to establish his eligibility for his requested relief. In light of *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 356, 154 L.Ed.2d 272 (2002) (per curiam), we remand the question of Hernandez's eligibility for asylum, withholding, and relief under CAT to the BIA for proceedings consistent with this memorandum.

PETITION GRANTED; REMANDED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by NINTH CIRCUIT RULE 36–3.